Marcelino ECHEVERRIA–
BARBOZA, Petitioner,

v.

Eric H. HOLDER, Jr., Attorney
General, Respondent.

No. 10–71738.

United States Court of Appeals,
Ninth Circuit.

Submitted July 15, 2011.*

Filed Aug. 3, 2011.

Ian Silverberg, Esquire, Hardy Law
Group, Reno, NV, for Petitioner.

Office of the Chief Counsel, Department
of Homeland Security, San Francisco, CA,
Joanna L. Watson, Ernesto Horacio Moli-
na, Jr., Esquire, Senior Litigation Counsel,
Anthony Paul Nicastro, Esquire, U.S. De-
partment of Justice, Washington, DC, for
Respondent.

Before: RYMER, TALLMAN, and
IKUTA, Circuit Judges.

MEMORANDUM **

Appellant Marcelino Echeverria–Barbo-
za petitions for review of the Board of
Immigration Appeals (BIA) order denying
him adjustment of status under the Child
Status Protection Act (CSPA), Pub.L. No.
107–208, 116 Stat. 927 (2002). We deny
the petition.

On July 27, 1992, Echeverria's father, a
lawful permanent resident of the United
States, filed an F2A immigrant visa peti-
tion on Echeverria's behalf. See 8 U.S.C.
§ 1153(a)(2)(A). When his priority date
became current on August 1, 1997, Echev-
erria was older than twenty-one and had
thus "aged-out" of the F2A preference cat-
egory. See 8 U.S.C. § 1101(b)(1) (an F2A
beneficiary must be a "child" under age
twenty-one). No further petition or appli-
cation for adjustment of status was filed by
Echeverria or his father. Echeverria
claims he is nonetheless entitled to protec-
tion under the CSPA.

It is undisputed that Echeverria was
over age twenty-one at the time his priori-
ty date became current and a visa was
then available to him. Because he had
aged-out of the F2A preference category,
he could not claim a visa as an adult
beneficiary under his father's petition.
Nor does the CSPA provide Echeverria
relief because he sought to adjust status
on January 28, 2004, well over one year
after his visa number became available on
August 1, 1997. See 8 U.S.C.
§ 1153(h)(1)(A); see also Park v. Muka-
sey, 514 F.3d 1384 (9th Cir.2008) (adopting
the opinion and order of the district court
in Park v. Gonzales, 450 F.Supp.2d 1153,
1158, 1163 (D.Or.2006)). Even if we were
inclined to accept Echeverria's theory that
he only needed to adjust status within one
year of the CSPA's date of enactment, the

* The panel unanimously concludes this case is
suitable for decision without oral argument.
See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by 9th Cir. R. 36–3.

record shows he nevertheless failed to do so. He did not apply for adjustment of status until January 28, 2004, roughly a year and a half after the law was enacted on August 6, 2002. For these reasons, there is no legitimate basis for extending CSPA protections to him.

Accordingly, his petition is **DENIED.**